IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELAINE L. CHAO, SECRETARY,          :
UNITED STATES DEPARTMENT OF LABOR,
200 Constitution Avenue, N.W.,          :
Washington, D.C.  20210

                                            :

                    Plaintiff.

                                            :

      v.          Case No. AMD-01-4151

                                            :

LOCAL NO. S33, INDUSTRIAL UNION OF          :
MARINE AND SHIPBUILDING WORKERS
OF AMERICA, DISTRICT LODGE #4 OF THE          :
INTERNATIONAL ASSOCIATION OF
MACHINIST AND AEROSPACE WORKERS          :
OF AMERICA, AFL-CIO,
719-23 East Fort Avenue          :
Baltimore, Maryland 21230

                                            :

                    Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## FINAL JUDGMENT

It appearing to the Court, that, pursuant to the Order entered on February 26, 2002, Local No.

S33, Industrial Union of Marine and Shipbuilding Workers of America, District Lodge #4 of the

International Association of Machinists and Aerospace workers of America, AFL-CIO, hereinafter "Local

S33", conducted a new election of officers under the supervision of the plaintiff; and that the plaintiff has

filed a Certification of Election, certifying the names of the persons who were elected to office in such

election, and further certifying that such new election was conducted in accordance with the provisions of

Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §481, et seq.),

hereinafter the Act, and in conformity with the Constitution and By-laws of the defendant so far as lawful and practicable; and that protests to the supervised election were filed with the plaintiff, but were found to be without merit for the reasons set forth in the Declaration of John H. Heaney attached to plaintiff's motion; and the Court having considered said Certification and being fully advised, it is upon motion of the plaintiff, hereby

ADJUDGED, ORDERED and DECREED that the persons named in the Certification of Election filed as aforesaid by the plaintiff are the duly elected officeholders of Local S33.

Entered this 22nd day of Nov. , 2002.

Andre M. Davis
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO,<br>SECRETARY OF LABOR<br>United States Department of Labor,<br>200 Constitution Avenue, N.W.,<br>Washington, DC 20210,<br><br>PLAINTIFF,<br><br>v.<br><br>LOCAL NO. S33, INDUSTRIAL UNION OF MARINE<br>AND SHIPBUILDING WORKERS OF AMERICA,<br>DISTRICT LODGE #4 OF THE INTERNATIONAL<br>ASSOCIATION OF MACHINISTS AND AEROSPACE<br>WORKERS OF AMERICA, AFL-CIO,<br>719-23 East Fort Avenue<br>Baltimore, Maryland 21230,<br><br>DEFENDANT. | CIVIL ACTION<br><br>NO. AMD-01-4151 |

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the

supervision of the Secretary of Labor, United States Department of Labor,

pursuant to a Stipulation of Settlement and Order entered February 26, 2002, in

the United States District Court for the District of Maryland, Northern Division, in

accordance with the provisions of Title IV of the Labor-Management Reporting

and Disclosure Act of 1959 (LMRDA) (29 U.S.C. §§ 481-483) and in conformity

with the Constitution and Bylaws of the defendant labor organization insofar as lawful and practicable, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidates have been duly elected to the offices designated:[1]

| | |
|---|---|
| John Dunaway | President |
| Walter S. Bennett | Executive (Financial) Secretary |
| Angela Rouser Jefferson | Treasurer |
| Thomas Jefferson | Vice President |
| Bernard Fayall | Recording Secretary |
| Dean Harris | Conductor–Sentinel |
| Gennaro Guerrieri | Trustee |
| Thomas F. Bennett | Trustee |
| Ed Folker Jr. | Trustee |
| Bernard Fayall | Hourly Negotiator |
| Angela Rouser Jefferson | Hourly Negotiator |
| Dave Case | Salary Negotiator |

---

[1] Since there were no nominees for Shop Steward #2, Chipping Department, Shop Steward #5, Shipfitting Department and Shop Steward #2, Transportation Department, there were no elections for these positions. Pursuant to Article VII, Section 1(a) of the Local 33-S bylaws, in the event of a vacancy in a shop steward position the local lodge president may fill the position by appointment unless a member requests an election in writing.

| | |
|---|---|
| Lewis Mitchell | Second Shift Yard Chairman |
| Robert Bull | Hourly Grievance Committee |
| James Lewis | Hourly Grievance Committee |
| Catherine Goode | Hourly Grievance Committee |
| Larry W. Heath | Hourly Grievance Committee |
| Lewis Mitchell | Hourly Grievance Committee |
| Earl Marks | Hourly Grievance Committee |
| Dean Harris | Hourly Grievance Committee |
| Larry Fortney | Salary Grievance Committee[2] |
| Dave Case | Salary Grievance Committee |
| Dudley A. Deane | Salary Grievance Committee |
| Wayne Manuel | Salary Grievance Committee |
| Bob Wilson | Salary Grievance Committee |
| Thomas Penn | Safety Committee |
| Alan Johnson | Safety Committee |
| Robert Bull | Safety Committee |
| Wilbert Henderson | Safety Committee |
| Earl Marks | Safety Committee |

---

[2] While the Stipulation of Settlement called for two (2) Salary Grievance Committee members to be elected, the Local 33-S bylaws specify that six (6) Salary Grievance Committee positions should be elected. As such, six (6) Salary Grievance Committee positions were included in this supervised election. Since there were only five (5) nominees for the six (6) positions, one position is vacant. As such, the vacant position may be filled pursuant to Article IV, Section 7(a) of the Local 33-S bylaws, which governs vacancies in officer positions.

| | |
|---|---|
| Cornell Williams | Shop Steward #2, Chipping Dept. |
| Wilbert Henderson | Shop Steward #1, Welding Dept. |
| Lonzell Stanton Sr. | Shop Steward #2, Welding Dept. |
| William Arrington | Shop Steward #3, Welding Dept. |
| Valerie Woodward | Shop Steward #4, Welding Dept. |
| Don Becker | Shop Steward #1, Burner Dept. |
| Gennaro Guerrieri | Shop Steward #1, Erectors Dept. |
| Gary Oakley | Shop Steward #1, Pipe Dept. |
| Thomas Penn | Shop Steward #1, Carpenter Dept. |
| William A. Walker | Shop Steward #2, Painting Dept.  Harold |
| Adams | Shop Steward #1, Tool Room Dept. |
| Thomas Jefferson | Shop Steward #2, Shipfitting Dept. |
| Johnnie P. Taylor | Shop Steward #4, Shipfitting Dept. |
| Randolph Mann | Shop Steward #1, Transportation Dept. |
| Murphy Thornton | Shop Steward #3, Maintenance Dept. |

Attached herewith is a Declaration setting forth the pre-election protests concerning violations that were alleged to have occurred in the conduct of the election and the findings of my investigation of the protests.  While no post-election complaints were received concerning the conduct of the supervised election, a protest concerning violations alleged to have occurred after the installation of officers was received.  The attached Declaration also sets forth my

4

position that the allegations contained in that protest do not fall under the purview

of Title IV of the LMRDA.

Signed this ⁄6ᵗʰ day of October 2002.

John H. Heaney, Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

5

## DECLARATION OF JOHN H. HEANEY

I, John H. Heaney, am the Chief, Division of Enforcement, Office of Labor-Management Standards, Employment Standards Administration, United States Department of Labor (Department).  Pursuant to a Stipulation of Settlement Agreement signed by both parties and filed with the United States District Court for the District of Maryland, Northern Division on February 26, 2002, the Office of Labor-Management Standards supervised the election for the offices of President, Vice President, Financial (Executive) Secretary, Recording Secretary, Treasurer, Conductor-Sentinel, three Trustees, Second Shift Yard Chairman, seven Hourly Grievance Committeemen, two Salary Grievance committeemen, five Safety Committeemen, two Hourly Negotiators, one Salary Negotiator, the number 2 and 3 shop stewards for the Chipping Department, the number 1, 2, 3, 4 shop stewards for the Welding Department, the number 1 shop steward for the Burner Department, the number 1 shop steward for the Erectors Department, the number 1 shop steward for the Pipe Department, the number 1 shop steward for the Carpenter Department, the number 2 shop steward for the Painting Department, the number 1 shop steward for the Tool Room Department, the number 2 and 4 shop stewards for the Shipfitting Department, the number 1 and 2 shop stewards for the Transportation Department, and the number 3 shop steward for the Maintenance Department conducted on May 29, 2002, by Local S33, Industrial Union of Marine and Shipbuilding Workers of America, District Lodge #4 of the International Association of Machinists and Aerospace Workers, AFL-CIO, CLC (Local S33 and the International, respectively).

The Department received two pre-election protests that were resolved before the date of the election.  Each of the protested allegations are set forth below with an explanation for its dismissal.

James Childs, a candidate for Executive Secretary, and Michael Carpenter, a candidate for President, filed a protest concerning the activities of John Dunaway, the successful incumbent candidate for President, during an unsupervised election for the position of number 1 shop steward for the Welding Department that occurred on March 16, 2002. The complainants specifically alleged that President Dunaway distributed campaign flyers while working on union-paid time and utilized a union printer to print campaign literature. An investigation pursuant to section 601 of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 521, was conducted to determine whether any violations of the LMRDA had occurred. The investigation determined that President Dunaway had not campaigned on time paid for by the union. Also, the investigation disclosed that the union printer, President Dunaway was alleged to have used to produce campaign literature, was inoperable during the time the literature was allegedly produced. Additionally, the investigation disclosed that the interim election was an election to fill a vacancy rather than a regularly scheduled election. Therefore, the election was not covered under Title IV of the LMRDA, 29 U.S.C. § 481 et seq. See 29 C.F.R. § 452.25. Finally, the position of number 1 shop steward for the Welding Department was included in the supervised election that was held pursuant to the Stipulation of Settlement Agreement. Because the supervised election was held to remedy defects in a Title IV regularly scheduled election, the unsupervised interim election could not and did not deprive the Department of jurisdiction over the shop steward position. Had there been an actionable violation of Title IV of the LMRDA, the supervised election would have cured the violation. A letter, dated April 18, 2002, was mailed to the complainants detailing the Department's reasons for dismissing their protest.

John Dunaway filed a protest on April 26, 2002 concerning the content of campaign literature distributed by complainants Childs and Carpenter. This allegation was dismissed by letter, dated May 1, 2002, to President Dunaway stating that OLMS does not censure the content of campaign literature when supervising an election.

2

There were no post-election protests received before the June 10, 2002 deadline for filing such protests. However, there were two complaints from Local S33 members filed with the Department after the deadline for filing protests had expired. Neither complaint impacts the supervised election since neither contained allegations that Title IV of the LMRDA was violated.

The first complaint, alleging restrictions placed on the activities of certain officers by the International, was received on June 20, 2002. Since the allegations contained in the first complaint implicate the trusteeship provisions found in Title III of the LMRDA instead of the election provisions found in Title IV, these allegations would have no bearing on the supervised election. The second complaint was received on July 10, 2002 and alleged violations of the National Labor Relations Act. The National Labor Relations Board, not the Department, administers the National Labor Relations Act. The Department has referred the member who filed the second complaint to the National Labor Relations Board.

The Department has concluded from its investigation and analysis that no violation of Title IV of the Act occurred during the May 29, 2002 supervised election which may have affected the outcome of that election. The election held pursuant thereto complied with the district court's order and no reason exists to overturn the results of this election.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this /6 ᵗʰ day of _October_ , 2002, in the City of Washington, District of Columbia.

John H. Heaney, Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELAINE L. CHAO, SECRETARY,        *
U.S. DEPARTMENT OF LABOR,
200 Constitution Avenue, N.W.        *
Washington, D.C.  20210,

                              *

             Plaintiff,

       v.                      *      CIVIL ACTION NO. AMD-01-4151

LOCAL NO. S33, INDUSTRIAL        *
UNION OF MARINE AND
SHIPBUILDING WORKERS OF       *
AMERICA, DISTRICT LODGE #4 OF
THE INTERNATIONAL           *
ASSOCIATION OF MACHINIST AND
AEROSPACE WORKERS OF        *
AMERICA, AFL-CIO,
719-23 East Fort Avenue,         *
Baltimore, Maryland 21230,

                              *

            Defendant.

                              *

* * * * * * * *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2002, a copy of the Unopposed

Motion for Entry of Final Judgment was mailed to Maureen A. Russo, Esquire, Office of the

Solicitor, U.S. Department of Labor, Suite 630 East, The Curtis Center, 170 S. Independence

Mall West, Philadelphia, PA 19106-3306; James E. McQuade, Esquire, Office of the Solicitor,

U.S. Department of Labor, Division of Labor-Management, 200 Constitution Avenue, N.W.,

Room N2474, Washington, D.C. 20210; and Allison Beck, Esquire, General Counsel,

International Association of Machinists and Aerospace Workers, 9000 Machinists Place, Upper

Marlboro, MD 20772-2687.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

Jamie M. Bennett
Assistant United States Attorney
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland   21201-2692
410-209-4838